

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# PSA LLC v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"PSA LLC v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1369.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1369

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-4920 & 07-2554
_____

PSA, LLC; CHRISTOPHER NAPOLI; ALAN WINTER, R.PH; JOSEPH J.
CARROZZA, M.D.

Appellants,

v.

THE HONORABLE ALBERTO R. GONZALES, ATTORNEY GENERAL OF THE
UNITED STATES, SUED IN HIS OFFICIAL CAPACITY; THE HONORABLE
KAREN P. TANDY, ADMINISTRATOR, DRUG ENFORCEMENT AGENCY, SUED
IN HER OFFICIAL CAPACITY; THE HONORABLE PATRICK MEEHAN, UNITED
STATES ATTORNEY FOR THE EASTERN DISTRICT OF PENNSYLVANIA, SUED
IN HIS OFFICIAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Nos. 06-cv-03212 & 07-cv-00328)
District Judge:  Hon. Stewart Dalzell

Argued January 14, 2008

Before: BARRY, CHAGARES, and ROTH, <u>Circuit Judges</u>.
_____

(Filed:   March 28, 2008)

<u>Counsel for Appellant Alan Winter</u>
Neal R. Troum (Argued)
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103

Counsel for Appellants PSA LLC and Christopher Napoli
Joseph P. Green, Jr. (Argued)
Duffy, Green & Redmond
10 North Church Street Suite 307
West Chester, PA 19380

Counsel for Appellee
Christopher J. Walker (Argued)
United States Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Appellants PSA, LLC, Christopher Napoli (a principal of PSA, LLC), Dr. Joseph Carrozza, and pharmacist Alan Winter (collectively, PSA) operated an Internet pharmaceutical delivery business.  After noticing that many similar businesses were being indicted for violating the Controlled Substances Act, 21 U.S.C. § 801 et seq. (CSA), and after Napoli and PSA LLC had assets seized by the Government, PSA brought two separate actions in the Eastern District of Pennsylvania – one in 2006 (PSA I) and the second in 2007 (PSA II) – seeking injunctive and declaratory relief.

On November 13, 2006, the District Court dismissed PSA I, without prejudice, finding that PSA did not have standing and that the matter was not ripe.  On February 28, 2007, the District Court denied PSA's motion for a preliminary injunction, which sought the return of property seized by the Government in a civil forfeiture action that it instituted against Napoli and PSA LLC in the Northern District of California.  Finally, on

2

April 18, 2007, the District Court dismissed PSA II, with prejudice, because PSA had again failed to demonstrate that the matter was ripe.

PSA now appeals from the District Court's decisions in both PSA I and PSA II. We will dismiss the appeal in PSA I for lack of appellate jurisdiction and affirm the District Court's dismissal of PSA II because PSA's claims are not ripe.

I.

"[A] dismissal order that contemplates that there may be a future action based on the same controversy does not constitute a final order for purposes of appeal." Morton Intern., Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 480 (3d Cir. 2006). The District Court dismissed PSA I without prejudice to PSA's "reassertion [of its claims] in the future should the record become concrete enough to supply the requisite standing and ripeness." PSA LLC, et al. v. Gonzales, et al., 461 F. Supp. 2d 351, 359 (E.D. Pa. 2006). This is exactly the type of non-final dismissal contemplated by Morton. Indeed, PSA filed a "future action based on the same controversy," i.e., PSA II. We thus lack appellate jurisdiction under 28 U.S.C. § 1291, and accordingly will dismiss PSA's appeal of PSA I.

II.

We do have appellate jurisdiction of the District Court's final order in PSA II, which dismissed that action with prejudice as non-justiciable. This is cold comfort for PSA, however, as we will affirm the District Court's determination. Where, as here, the District Court treated the ripeness issue as jurisdictional, we apply plenary review. See

3

Surrick v. Killion, 449 F.3d 520, 527 (3d Cir. 2006); NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001).

To determine whether a case is ripe in the declaratory judgment context, we have established a three-factor test:  (1) the parties must have adverse legal interests; (2) the facts must be sufficiently concrete to allow for a conclusive legal judgment, and (3) the judgment must be useful to the parties.  See Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647 (3d Cir.1990).  We assume, as did the District Court, that PSA can demonstrate adversity of interest because it alleges that it has suspended its business in fear of prosecution, that Napoli's property has been seized in the civil forfeiture action, and that a criminal investigation of PSA is underway.  PSA cannot, however, show that the declaratory relief it seeks would be either conclusive or useful.

"Conclusiveness is a short-hand term for whether a declaratory judgment definitively would decide the parties' rights."  NE Hub Partners, 239 F.3d at 344.  All actions must be "based on a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts.'"  Step-Saver, 912 F.2d at 649 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)).  Granting any – or all – of PSA's three requested declarations would not conclude the adverse relationship between the parties, primarily because numerous factual questions remain outstanding.

4

PSA is not bringing a facial challenge to the CSA, or even a facial challenge to the DEA's ability to interpret the CSA. Rather, at issue is PSA's specific business model – a business model outlined in just two pages of PSA's complaint. The application of the CSA to this business model requires resolution of eminently factual questions, such as how PSA conducts its business; what drugs it sold; how its affiliated doctors prescribed medicines; and how exactly its procedural safeguards worked. Because these questions are not predominantly, or even significantly, legal, there is not a sufficiently solid factual background on which to base relief.

Nor will the requested declaratory relief be useful. The utility prong asks whether "the parties' plans of actions are likely to be affected by a declaratory judgment." Step-Saver, 912 F.2d at 649 n. 9. Thus, if a declaration would permit the plaintiff to proceed "without fear of governmental sanctions," then it would "materially affect the parties and . . . clarif[y] legal relationships so that plaintiffs can make responsible decisions about the future." Surrick, 449 F.3d at 529.

Here, by contrast, PSA concedes that any declaration by the District Court regarding its business model would have absolutely no effect on whether PSA will be prosecuted at some point in the future. Accordingly, a declaration would not allow it to pursue its business "without fear of governmental sanctions," because a judgment in a civil action is not ordinarily res judicata as to a subsequent criminal action. Since such possible sanctions would be unaffected, the utility of the requested declarations is zero.

5

Moreover, even assuming that the District Court <u>did</u> grant PSA the declarations it seeks, there would be dozens of other ways for PSA to violate, or have violated, some other provision of the CSA (such as licensing or record-keeping requirements). Determining whether or not PSA had committed any such violation would be a Herculean task, one which the ripeness requirement does not permit.[1]

III.

For the foregoing reasons, we will dismiss the appeal in <u>PSA I</u> for lack of appellate jurisdiction and affirm the District Court's dismissal of <u>PSA II</u>.

---

[1] Our holding also precludes PSA from any injunctive relief, as PSA admits plainly that declaratory relief is a required predicate to its requested injunctive relief. <u>See</u> PSA's <u>PSA II</u> Br. at 14 (if the court "determines that the government's interpretation of the CSA is incorrect, it can grant the requested injunction [] to redress the constitutional violations attending that interpretation"); Carozza's <u>PSA II</u> Reply Br. at 10 ("As the Complaint makes clear, the injunctive relief Appellants seek . . . is premised upon the issuance of a declaratory judgment"). Because no declaratory judgment will issue, neither will any injunction.

6